

NUMBERS 13-08-00018-CR
13-08-00019-CR
13-08-00020-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

---

**SKYE CLAYTON LACROIX,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 252nd District Court
of Jefferson County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Chief Justice Valdez**

Appellant, Syke Clayton LaCroix, was indicted for the offense of assault on a family member (appellate cause number 13-08-00020-CR) that allegedly occurred on May 1, 2006. *See* TEX. PENAL CODE ANN. § 22.01(b)(2) (Vernon Supp. 2008). The indictment alleged two prior convictions, one for assault and another for assault on an elderly person,

enhancing punishment to a third-degree felony. *See generally, id.* § 12.42 (Vernon Supp. 2008). Pursuant to a plea agreement with the State, LaCroix pleaded guilty to the indicted offense in exchange for a recommendation from the State that he receive deferred adjudication, be placed on community supervision for five years, and be assessed a $500 fine. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 (Vernon Supp. 2008). The trial court accepted the plea agreement, deferred adjudication, placed LaCroix on community supervision for five years, and assessed a $500 fine.

On October 23, 2007, the State moved to revoke LaCroix's community supervision and adjudicate guilt on the grounds that he was a repeat offender who, after being placed on community supervision, allegedly (1) assaulted a family member (appellate cause number 13-08-00019-CR), and (2) assaulted an elderly person (appellate cause number 13-08-00018-CR). LaCroix pleaded "true" to the two allegations in the motion to revoke. On November 27, 2007, the trial court adjudicated LaCroix's guilt on the primary offense and found the two grounds for revocation of his community supervision "true." The trial court sentenced LaCroix to consecutive terms of confinement for five (13-08-00020-CR), twenty (13-08-00018-CR), and twenty (13-08-00019-CR) years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(19) (Vernon 2006), art. 42.08 (Vernon 2006). LaCroix's court-appointed appellate counsel has filed an *Anders* brief. We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), LaCroix's court-appointed appellate counsel has filed a brief with this Court, stating that his review of the record yielded no grounds or error upon which an appeal can be predicated. Although counsel's brief does not advance any arguable grounds of error, it does present a professional evaluation of the record demonstrating why there are no arguable grounds

2

to be advanced on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), LaCroix's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal, (2) served a copy of the brief and counsel's motion to withdraw on LaCroix, and (3) informed LaCroix of his right to review the record and to file a *pro se* response within thirty days.[1] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and LaCroix has not field a *pro se* response. *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.  Accordingly, we affirm the judgments of the trial court.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, LaCroix's attorney has asked this Court for permission to withdraw as counsel for appellant.  *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.  To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).  We grant counsel's motion to withdraw.  Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to LaCroix and to advise him of his right to file a petition for discretionary review.[2]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
ROGELIO VALDEZ
Chief Justice


Do not publish. TEX. R. APP. P. 47.2(b)
Memorandum Opinion delivered and
filed this the 9th day of July, 2009.

---

[2] No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3; 68.7.  Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4.